UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DIANE M. NOTARO,

                      Plaintiff,

        -against-                            ORDER

MONCOR DEVELOPMENT                   13-CV-2634 (CS)
CORPORATION, a/k/a MON-COR
DEVELOPMENT CORP., *et al.*,

                      Defendants.
--------------------------------------------------------x

Seibel, J.

        The Complaint in this case is DISMISSED *sua sponte* for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The first claim, (¶ 71), seeks a temporary restraining order, which is not a cause of action but rather a form of relief. The second claim, (¶ 72), is for denial of "due process and other rights in violation of the United States Constitution." The Defendants, however, are private individuals or entities, not governmental entities subject to either the Constitution or 42 U.S.C. § 1983. The third claim, (¶ 73), is for "denial of shareholder rights." This is not a recognized cause of action. It is not clear on what statute Plaintiff relies, or if she is seeking to assert a contract claim, or even if she is alleging the claim under state or federal law. Finally, to the extent Plaintiff is attempting to assert a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, (*see* ¶¶ 1-3, 49), such a claim is dismissed because Title VII applies only to employment discrimination, and Plaintiff does not allege she is employed by any of the Defendants (and of course, Title VII does not impose liability on individuals). Furthermore, even liberally construing the Complaint as attempting to assert a claim for discrimination in a place of public accommodation under Title II of the Civil Rights Act, 42 U.S.C. § 2000a *et seq.*, which the Complaint does not by its own terms do, such claim is also dismissed because Title II does not prohibit discrimination on the basis of sex, nor does it "apply to a private club or other establishment not in fact open to the public," 42 U.S.C. § 2000a(e), which the private entity Defendants appear to be.

      Frankly, the Court is shocked that an attorney would file a Complaint with claims so poorly thought out.   Plaintiff may have until May 8, 2013 to file an Amended Complaint.   If no Amended Complaint is filed, the case will be closed without further notice.

SO ORDERED.

Dated: April 29, 2013
       White Plains, New York

                                                                _____
                                                                CATHY SEIBEL, U.S.D.J.